UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DARREL K. ZIMMER,                                        Case No. 16-CV-3939 (PJS/BRT)

          Plaintiff,

v.                                                                           ORDER

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

          Defendant.

      Stephanie M. Balmer, FALSANI, BALMER, PETERSON & QUINN, for plaintiff.

      Ann M. Bildtsen, UNITED STATES ATTORNEY'S OFFICE, for defendant.

After the Commissioner of Social Security (the "Commissioner") denied plaintiff Darrel Zimmer's application for disability benefits, Zimmer brought this action asking the Court to either (1) reverse the Commissioner's decision and award him the disability benefits that he seeks or (2) remand his case to the Commissioner for another hearing.

This matter is before the Court on Zimmer's objection to Magistrate Becky R. Thorson's January 3, 2018 Report and Recommendation ("R&R"). Judge Thorson recommends denying Zimmer's motion for summary judgment and granting the Commissioner's motion for summary judgment. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Based on that review, the

Court agrees with Judge Thorson that the Commissioner's decision was supported by substantial evidence, overrules Zimmer's objection, and adopts Judge Thorson's R&R. Only a couple of matters merit comment:

*First*, Zimmer argues that Judge Thorson applied the wrong standard of review when Judge Thorson wrote that "the discrepancy between Plaintiff's stated limitations and the results of objective testing can be explained by Plaintiff's desire to obtain disability benefits." ECF No. 16 at 17. Zimmer points out that "can be explained" is not the same thing as "substantial evidence." ECF No. 18 ¶ 1. It is abundantly clear, however, that Judge Thorson applied the substantial-evidence standard, to which she consistently and repeatedly referred in the R&R. *See* ECF No. 16 at 12-15, 17, 19. Judge Thorson used the phrase "can be explained" in the course of explaining why the administrative law judge (ALJ)'s decision *met* the substantial-evidence standard, not as a *substitute* for the substantial-evidence standard. *See id.* at 17.

*Second*, Zimmer argues that hearsay statements in medical records cannot constitute substantial evidence. ECF No. 18 ¶¶ 1-2. This is not true. In some cases, an anonymous report by an unidentified author may not constitute substantial evidence. *See McClees v. Sullivan*, 879 F.2d 451, 452-53 (8th Cir. 1989). In most cases, however, "a written report by a licensed physician who has examined the claimant . . . may be received as evidence in a disability hearing . . . despite its hearsay character . . . and . . .

may constitute substantial evidence," as long as "the claimant has not exercised his right to subpoena" and cross-examine the physician. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *see also Bell Helicopter Int'l, Inc. v. Jacobs*, 746 F.2d 1342, 1343-44 (8th Cir. 1984).

*Finally*, Zimmer argues that the R&R erred in unduly relying on "state agency examiner opinions which do not constitute substantial evidence." ECF No. 18 ¶ 4. This argument is also unpersuasive. A consulting physician's opinion generally will not constitute substantial evidence if it is not supported by any other evidence. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1023-24 (8th Cir. 2002). But when an opinion of a consulting physician or a state agency examiner is supported by other medical evidence, a court may rely on that opinion to conclude that an ALJ's decision is supported by substantial evidence. *See Ponder v. Colvin*, 770 F.3d 1190, 1194-96 (8th Cir. 2014) (concluding that substantial evidence supported the ALJ's decision when "[t]hree physicians who reviewed Ponder's medical record . . . concluded that Ponder could . . . perform sedentary work"); *Cash v. Colvin*, No. 4:14CV3159, 2015 WL 1346163, at *5 (D. Neb. Mar. 25, 2015) ("Plaintiff further claims that the ALJ's RFC assessment was improper because the opinion of the state agency examiner . . . does not constitute substantial evidence . . . . This argument is not persuasive. . . . . The ALJ did not err by relying on [the state agency examiner's] opinion.").

As Judge Thorson made clear, the question for this Court is not whether it would have made the same decision as the ALJ, but whether the ALJ's decision is supported by substantial evidence. Having reviewed the record, the Court concludes that the decision of the ALJ is indeed supported by substantial evidence.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 18] and ADOPTS Judge Thorson's R&R [ECF No. 16]. IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for summary judgment [ECF No. 11] is DENIED.

2. Defendant's motion for summary judgment [ECF No. 14] is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 7, 2018          s/Patrick J. Schiltz
         Patrick J. Schiltz
         United States District Judge